UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re

Sonia Maria Cole,

                             Debtor.
--------------------------------------------------------x
Sonia Cole,

                            Plaintiff,

-against

Household Financial, et al.,

                            Defendants.
--------------------------------------------------------x

Chapter 13

Case No. 00-20181-CEC

Adv. Pro. No. 07-1619-CEC

## DECISION

Appearances:

| | |
|---|---|
| Sonia Maria Cole | Michael J. Macco |
| 84-23 103rd Avenue | 135 Pinelawn Road |
| Apt. 1E | Suite 120 South |
| Ozone Park, NY 11417 | Melville, NY 11747 |
| *Pro Se* Debtor | Chapter 13 trustee |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of Sonia Maria Cole (the "debtor") to reopen this Chapter 13 bankruptcy Case pursuant to 11 U.S.C. § 350.  For the foregoing reasons, the motion is denied.

<u>Jurisdiction</u>

This court has jurisdiction over this core proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and the Eastern District of New York standing order of reference dated August 28, 1986.  This decision constitutes the Court's findings of fact and conclusion of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

<u>Facts</u>

The following facts are undisputed.

On September 22, 2000, the debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code (the "2000 Case").  The debtor never filed any schedules, statement of financial affairs, or Chapter 13 plan.  The debtor never attended a Section 341 meeting of creditors and never filed mandatory Chapter 13 disclosure documents.

On November 27, 2000, the Michael J. Macco (the "trustee") filed a motion to dismiss the case.  Thereafter, on December 15, 2000, an order was entered dismissing the case.

On January 10, 2001, the debtor filed a second voluntary petition under Chapter 13 of the Bankruptcy Code (the "2001 Case").  On January 19, 2001, Stuart Gelberg, the chapter 13 trustee assigned to that case, filed a motion to dismiss.  On April 10, 2001, the debtor's 2001 case was dismissed.

On December 16, 2002, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code (the "2002 Case").  On December 24, 2002, the debtor filed a motion seeking to

convert the case to one under Chapter 13.  Thereafter, on February 6, 2003, the Court denied the debtor's motion to convert.  The Court found that the debtor filed the case in bad faith to obtain the benefit of the automatic stay during the pendency of litigation before other tribunals.  The Court also found that the debtor made no showing of eligibility for Chapter 13 relief, which was particularly important in light of the two previous Chapter 13 dismissals.

On February 12, 2003, the debtor filed an appeal of the Court's order denying her motion to convert the 2002 case.  On December 5, 2003, the appeal was denied.

On July 8, 2004, the debtor's 2002 case was dismissed for failure to pay the balance of the bankruptcy court filing fees.

On August 23, 2007, the debtor filed the instant motion to reopen the 2000 case, which was dismissed more than six years before.  She explains that her reason for seeking to reopen this case "is to correct Article 78 Violation, an administrative error, or § 362, § 1301, was void/eviction . . . willful violation fo stay under local or state [law with] harassment."  Notice of Motion, Docket #18. On November 1, 2007, the trustee filed opposition to the debtor's motion.

Although her motion to reopen the 2000 Case has not been granted, Ms. Cole filed an adversary proceeding in that case (Adversary Proceeding No. 07-1619-CEC) on December 21, 2007, against approximately 50 defendants, including Plaza Homes LLC, Merrick Realty LLC, Judge Anne Katz, Judge Leverett, Judge Simeon Golar, Referee Leon Schneider, "other et al/John Doe/Jane Doe," Housing Court, "Bankruptcy/Court/Trustee/Administration," Supreme Court, Civil Housing Court, Family Court, "Appellants Term/Admin/NYS," US District Court, Criminal Court, "Fair Hearing State Court," US Department of Justice Immigration and Naturalization Service, and "Board of Education/Brown vs Board of Education."  Amended Complaint, Adv. Pro. 07-1619. The

debtor seeks damages of $40 million for the allegedly wrongful foreclosure sale, harassment, and subsequent eviction.  She also asserts the following claims: housing discrimination, warranty of habitability, violation of automatic stay by utility companies, violation of civil rights, other discrimination, malicious prosecution, segregation, exploitation, lead paint damages, and breach of contract.  Amended Complaint, Adv. Pro. 07-1619.

It appears that Ms. Cole's principal reason for seeking to reopen the 2000 Case is to seek redress against the former holder of the mortgage on the house that she or her husband owned at the time that case was commenced for allegedly violating the automatic stay by proceeding with a foreclosure sale one hour after the 2000 Case was commenced.  <u>See</u> Tr.[1] 9/25/07 at 2, 5.  At the first hearing held on this motion, Ms. Cole stated that the house in question was owned by her husband, who was not a debtor in the 2000 Case, but that she believes that she had an interest in the house that was protected by the automatic stay because she had contributed to paying the mortgage.  Tr. 9/25/07 at 5.  The property in question was sold in 2000 and Ms. Cole was evicted from it in 2001.  Tr. 9/25/07 at 5.  Ms. Cole also seeks to assert claims against numerous other parties, many of which are not fully identified, for other wrongs she claims to have suffered.

Discussion

Section 350 of the Bankruptcy Code provides:

> (a)  After an estate is fully administered and the court has discharged the trustee, the court shall close the case.
>
> (b)  A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause.

11 U.S.C. § 350.

---

[1]"Tr." refers to the hearing held on the date specified.

4

A bankruptcy case may only be reopened pursuant to § 350(b) if it is closed pursuant to § 350(a), after it is fully administered and the trustee is discharged.  <u>Critical Care Support Servs. v. United States (In re Critical Care Support Servs.)</u>, 236 B.R. 137, 140 (E.D.N.Y. 1999).  As stated in <u>Critical Care</u>:

> [a] bankruptcy [case] is reopened under 11 U.S.C. § 305(b), not to restore the prebankruptcy status . . . but to continue the bankruptcy proceeding.  The word "reopened" used in Section 350(b) obviously relates to the word "closed" used in the same section.  In our opinion a case cannot be reopened unless it has been closed.  An order dismissing a bankruptcy case accomplishes a completely different result than an order closing it would and is not an order closing.

<u>Id.</u> at 141 (quoting <u>Armel Laminates, Inc. v. Lomas & Nettleton Co. (In re Income Prop. Builders, Inc.</u>), 699 F.2d 963, 965 (9th Cir. 1982).

Therefore, a motion to "reopen" a bankruptcy case that has been dismissed is in reality a motion from relief from the order dismissing the case pursuant to Federal Rule of Civil Procedure 60, made applicable in bankruptcy cases by Federal Rule of Bankruptcy Procedure 9024.  <u>Id.</u> at 140.  Rule 60(b) provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

*       *       *

> A motion under Rule 60(b) must be made within a reasonable time --
> and for reasons (1), (2), and (3) no more than a year after the entry of
> the judgment or order or the date of the proceeding.

Fed. R. Civ. P. 60 (b), (c).

Rule 60(b) "strikes a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).

Here, the debtor seeks to reinstate the 2000 Case by vacating the dismissal order, for the purpose of seeking relief for various alleged violations of the automatic stay, among other claims.

Since the dismissal order was entered over 6 years ago, subsections (1), (2), and (3) are unavailable. Grounds for relief under subsections (4) and (5) are not alleged, nor are those provisions applicable. Therefore, the only possible basis to vacate the dismissal order is pursuant to Rule 60(b)(6).

Relief pursuant to Rule 60(b)(6) may only be granted under "extraordinary circumstances." Grace v. Bank Leumi Trust Co., 443 F.3d 180, 190 n. 8 (2d Cir. 2006). "To determine the timeliness of a motion brought pursuant to Rule 60(b)(6), we look at the particular circumstance of each case and 'balance the interest in finality with the reasons for delay.'" Id. (quoting Kotlicky v. U.S. Fidelity & Guar. Co., 817 F.2d 6, 9 (2d Cir.1987)).

In this case, balancing "the interest in finality with the reasons for delay," is it clear that the motion to vacate the dismissal order is untimely. The order was entered more than six years ago, and the debtor has since filed two bankruptcy cases. The debtor has not offered any reason for the delay in seeking this relief.

Even if the motion were timely, there is no "extraordinary circumstance" warranting relief from the dismissal order.  The debtor alleges that a foreclosure sale occurred an hour after she filed the petition commencing the 2000 Case, and was therefore in violation of the automatic stay.  Since this Court has concurrent, and not exclusive, jurisdiction over the claims on which she seeks to recover damages or other relief, see 28 U.S.C. § 1334(b), the debtor can seek this relief in other courts.  In fact, she has been asserting these claims, albeit unsuccessfully, in the United States District Court for the Eastern District of New York ("District Court") for years.

The following is a summary of the debtor's litigation history related to these claims, as shown by a review of the records of the cases filed by the debtor in District Court since the 2002 Case was dismissed.

On March 9, 2004, Ms. Cole commenced an action in District Court against Merrick Realty, LLC, Kemi Doeman and the Red Cross.  On May 5, 2004, she filed an amended complaint and added at least 21 more defendants, including Plaza Homes, LLC, Homeside Lending, Inc., Judge Katz, Judge Leverett, and Beneficial Mortgage Bank and Karamvir Dahiya (her former bankruptcy counsel).  She asserted claims of unlawful eviction and the theft of rental assistance monies, civil rights violations under 42 U.S.C. §§ 1981 and 1982, consumer fraud, and discrimination.  Amended Complaint, District Court Case No. 04-cv-00908-CBA.  She alleged that, as a direct of proximate result of these actions, she has suffered "sever and continuous humiliation, mortification, indignation . . . mental anguish" and has been "prevented from attending usual hobbies/work."  Amended Complaint, District Court Case No. 04-cv-00908-CBA.

On May 20, 2004, the District Court noted that the complaint was "unintelligible" and dismissed the case for the failure to state a claim upon which relief may be granted. District Court Mem. and Order dated May 20, 2004, District Court Case No. 04-cv-00908-CBA, at 1.

On June 9, 2004, Ms. Cole filed a motion for reconsideration of the dismissal and filed a notice of appeal. On June 15, 2004, the District Court denied Ms. Cole's motion for reconsideration. On December 8, 2004, the Court of Appeals dismissed her appeal because it lacked "an arguable basis in fact or in law." United States Court of Appeals Order dated December 8, 2004, Mandate Issued February 15, 2005, Court of Appeals Case No. 04-3449.

On December 2, 2004, Ms. Cole commenced an action in District Court against Judge A. Katz. Thereafter, on December 7, 2004, Ms. Cole commenced a separate action in District Court against Judge U. Leverett. Both complaints asserted claims stemming from the foreclosure, the decisions of Judge Leverett and Judge Katz denying stays of eviction, and the subsequent evictions. Complaint, District Court Case No. 04-cv-05216-CBA; Complaint, District Court Case No. 04-cv-05217-CBA. Ms. Cole also asserted claims of bribery, harassment, and civil rights violations. Complaint, District Court Case No. 04-cv-05216-CBA; Complaint, District Court Case No. 04-cv-05217-CBA. On December 9, 2004, the District Court consolidated these two actions for the sole purpose of dismissing them in a single order based on the doctrine of judicial immunity. District Court Mem. and Order dated December 9, 2004, District Court Case Nos. 04-cv-05216-CBA, 04-cv-05217-CBA.

On January 4, 2005, Ms. Cole filed a notice of appeal of the District Court's decision. On June 2, 2005, the Court of Appeals dismissed Ms. Cole's appeal. Court of Appeals Order dated June 2, 2005, Mandate Issued August 4, 2005, Court of Appeals Case No. 05-0448-cv; Court of Appeals

order dated June 2, 2005, Mandate Issued November 7, 2005, Court of Appeals Case No. 05-0435-cv.

On April 13, 2005, Ms. Cole commenced an Article 78 proceeding pursuant to New York state law in District Court against Russell J. Hanks (Deputy General Counsel), NYC, John Doe, and Jane Doe.  Complaint, District Court Case No. 05-cv-01831.  Ms. Cole claimed that she was not afforded due process in New York state court, and also asserted claims relating to the foreclosure and eviction.  Id.  She also appeared to be dissatisfied in the manner in which her public assistance case was handled in New York state court.  Id.

On December 7, 2005, the District Court found the complaint to be "vague, illegible, and unintelligible," noted that Ms. Cole is a "frequent litgator in [District] Court," and ordered her to file an amended complaint within 30 days.  District Court Mem. and Order dated December 7, 2005, District Court Case No. 05-cv-01931.  On January 12, 2006, Ms. Cole filed a letter  requesting an extension of time to file an amended complaint.  Letter dated January 12, 2006, District Court Case No. 05-cv-01931.  On January 25, 2006, the District Court denied Ms. Cole's request for an extension and dismissed the complaint.  District Court Order and Civil Judgment dated January 25, 2006, District Court Case No. 05-cv-01931.

On April 28, 2005, Ms. Cole commenced an action in District Court against Plaza Homes, LLC, asserting claims of harassment, fraud, and embezzlement relating to the foreclosure and subsequent eviction.  Complaint, District Court Case No. 05-cv-02055-CBA-LB.  On May 23, 2005, the complaint was dismissed for lack of subject matter jurisdiction.  District Court Mem. and Order dated May 23, 2005, District Court Case No. 05-cv-02055-CBA.

On June 13, 2005, Ms. Cole filed a notice of appeal of the District Court's order dismissing the complaint.  On July 13, 2006, the Court of Appeals dismissed Ms. Cole's appeal because it lacked "arguable basis in law or fact."  Court of Appeals Order dated July 13, 2006, Mandate Issued October 22, 2006, Court of Appeals Case No. 05-3539-cv.

On November 29, 2005, Ms. Cole commenced an action in District Court against Jack & Hendra Movers, Inc., pursuant to 42 U.S.C. § 1983.  The complaint appears to allege that, following the foreclosure of Ms. Cole's Home, her personal property was removed and placed in storage by Jack & Hendra Movers, Inc.  Complaint, District Court Case No. 05-cv-02203-CBA-LB.  Jack & Hendrea Movers, Inc. allegedly sold the property after the storage fees were not paid and a warehousemen's lien was placed against the property.  District Court Mem. and Order dated May 18, 2005, District Court Case No. 05-cv-02203-CBA-LB.

On May 18, 2005, Ms. Cole's complaint was dismissed for lack of subject matter jurisdiction.  District Court Mem. and Order dated May 18, 2005, District Court Case No. 05-cv-02203-CBA-LB.  On May 23, 2005, judgment was entered for the defendant.  District Court Judgment dated May 20, 2005, District Court Case No. 05-cv-02203-CBA-LB.

On June 13, 2005, Ms. Cole filed a notice of appeal of the order dismissing the complaint and of the judgment.  On July 13, 2006, the Court of Appeals dismissed Ms. Cole's appeal because it lacked "arguable basis in law or fact."  Court of Appeals Order dated July 13, 2006, Mandate Issued October 22, 2006, Court of Appeals Case No. 05-3534-cv.

On August 18, 2005, Ms. Cole commenced an action in District Court against "Appellate Term Staff," John Doe/Jane Doe, Plaza Homes, LLC, and Robert M. Tolle, seeking damages and injunctive relief.  Complaint, District Court Case No. 05-cv-04070-CBA-LB.  Ms. Cole asserted

claims against the New York Appellate Court staff for a sending notice of hearing to an incorrect address, and against Plaza Homes, LLC, for wrongs in relation to the foreclosure and eviction.  Id. On October 31, 2005, the complaint was dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted, and judgment was entered for the defendant.  District Court Mem. and Order dated October 31, 2005, District Court Case No. 05-cv-04070-CBA-LB; Judgment dated October 31, 2005, District Court Case No. 05-cv-04070-CBA-LB.

On November 14, 2005, Ms. Cole filed a notice of appeal.  On July 13, 2006, the Court of Appeals dismissed the appeal because it lacked "arguable basis in law or fact."  Court of Appeals Order dated July 13, 2006, Mandate Issued October 22, 2006, Court of Appeals Case No. 05-6218-cv.

On August 18, 2005, Ms. Cole commenced an action in District Court against Russell J. Hanks (Deputy General Counsel), NYC, The Center 54 and/or 53, John Doe/Jane Doe, ACS, St. Christopher Ottilie.  On September 8, 2005, the District Court ordered Ms. Cole to file an amended complaint because Ms. Cole's "handwritten complaint is barely legible, and it is unclear what [she] is alleging."  District Court Order dated September 8, 2005, District Court Case No. 05-cv-04068-CBA-LB.  On October 3, 2005, Ms. Cole filed an amended complaint which mentions "social injustice, discrimination, government discrimination, . . . bankruptcy discrimination, [and] housing discrimination."  Amended Complaint, District Court Case No. 05-cv-04068-CBA-LB.

On October 25, 2005, the District Court dismissed Ms. Cole's amended complaint and stated:

> [Ms. Cole's] amended complaint falls short of meeting the minimum acceptable level of pleading under Rule 8(a)(2). The amended complaint is largely incomprehensible and it is impossible to tell what any of the defendants are alleged to have done wrong. The amended

-1

> complaint requires the defendants and this Court to determine the
> potential bases for relief on plaintiff's behalf.

District Court Mem. and Order dated October 25, 2005, District Court Case No. 05-cv-04068-CBA-LB.

On November 14, 2005, Ms. Cole appealed the District Court's decision.  However, on July 13, 2006, the Court of Appeals dismissed the appeal because it lacked "arguable basis in law or fact."  Court of Appeals Order dated July 13, 2006, Mandate Issued October 22, 2006, Court of Appeals Case No. 05-6220-cv.

It is apparent that Ms. Cole wants to reopen this case in order to litigate again her alleged claims arising from the foreclosure and eviction in this court.  This does not constitute any "extraordinary circumstance" justifying relief under Rule 60(b) from the order dismissing the 2000 Case.

Moreover, even if the Court vacated the dismissal order, the 2000 Case would be dismissed under § 1307(c) because the debtor would be unable to confirm a Chapter 13 plan.  Pursuant Bankruptcy Rule 3015, a Chapter 13 plan must be filed within 15 days of the filing of the petition.  Fed. R. Bankr. P. 3015(b).  Plan payments must commence within 30 days thereafter.  11 U.S.C. § 1326(a)(1).  Therefore, a debtor must make the first plan payment within 45 days of the bankruptcy filing.  Furthermore, the plan must be completed within three years, unless the Court approves a longer period of no more than five years.[2]  Since the 2000 Case was commenced over six years ago, it is clear that the debtor would not be able to confirm a Chapter 13 plan.  Therefore, it would be

---

[2] Since this case was commenced prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the provisions of pre-amendment § 1322(d) apply.

futile to vacate the dismissal order to reinstate the case, as the debtor's inability to confirm a plan would necessitate the dismissal of the case in any event.

In addition, because Ms. Cole's motion to reopen the 2000 Case is denied, the adversary proceeding she filed in that case in December, 2007 must also be dismissed. <u>Cf.</u> <u>Porges v. Gruntal & Co. (In re Porges)</u>, 44 F.3d 159, 162 (2d Cir. 1995); <u>In re Garnett</u>, 303 B.R. 274, 279 (E.D.N.Y. 2003) ("[A] Bankruptcy Court may, after dismissing a bankruptcy petition, retain jurisdiction over actions relating to property of the debtor which are *pending* in the Bankruptcy Court.") (emphasis added). This determination is supported by the definition of "adversary proceeding," which is "a litigated matter arising within a case during the course of administration of an estate." <u>Blevins Elec., Inc. v. First Am. Nat'l Bank (In re Blevins Elec., Inc.)</u>, 185 B.R. 250, 254 (Bankr. E.D. Tenn. 1995); 2 Collier on Bankruptcy ¶ 301.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). It should be noted that, pursuant to 28 U.S.C. § 1409, with exceptions not relevant here, adversary proceedings must be commenced in the bankruptcy court in which the associated bankruptcy case is *pending*. 28 U.S.C. § 1409. Since the 2000 Case is not pending, and the bankruptcy estate created by the filing of that case is not being administered, the adversary proceeding must be dismissed.

Furthermore, if this Court has jurisdiction over the adversary proceeding, this Court declines to hear the proceeding in the interests of justice pursuant to 28 U.S.C. § 1334(c)(1). A court will weigh the following factors to determine whether to exercise permissive abstention:

> (1)    the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;
>
> (2)    the extent to which state law issues predominate over bankruptcy issues;
>
> (3)    the difficulty or unsettled nature of the applicable state law;

(4)     the presence of a related proceeding commenced in state court or other nonbankruptcy court;

(5)     the jurisdictional basis, if any, other than 28 U.S.C. § 1334;

(6)     the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;

(7)     the substance rather than form of an asserted "core" proceeding;

(8)     the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;

(9)     the burden on the court's docket;

(10)    the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties;

(11)    the existence of a right to a jury trial; and

(12)    the presence in the proceeding of nondebtor parties.

N.Y. City Employees' Ret. Sys. v. Ebbers (In re WorldCom, Inc. Sec. Litig.), 293 B.R. 308, 332 (S.D.N.Y. 2003).

Even if Ms. Cole could assert comprehensible and legitimate claims, the outcome of the proceeding would not affect a pending bankruptcy case. It is also clear that she is engaging in forum shopping, since she has a long history of asserting these claims unsuccessfully in District Court and may assert these claims in other forums. For these reasons, even if there is jurisdiction over the adversary proceeding, this Court abstains from hearing the proceeding pursuant to 28 U.S.C. § 1334(c)(1).

## Conclusion

For the foregoing reasons, the debtor's motion to vacate the dismissal order in the 2000 Case is denied and the adversary proceeding filed on December 21, 2007, is dismissed. Separate orders will issue herewith.

Dated: Brooklyn, New York
February 7, 2008

*s/Carla E. Craig*
CARLA E. CRAIG
Chief United States Bankruptcy Judge